# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON PEDRAZA,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 8:13-cv-01847-MAA<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** |

Now pending before the Court and ready for decision is the Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) ("Motion") filed on June 21, 2018 by Plaintiff's counsel, Bill LaTour. The Motion seeks an award of attorney fees in the gross amount of $12,490.25, subject to a reimbursement to Plaintiff for the $2,150.00 in fees previously paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's counsel seeks compensation for 18.82 hours of combined attorney and paralegal time rendered in connection with Plaintiff's representation before the Court in this case, with an effective hourly rate of approximately $664.00.

///

On July 3, 2018, the Commissioner filed a response to the Motion in which the Commissioner did not take a position on whether the amount of fees sought by Plaintiff's counsel was reasonable, but rather merely purported to provide an analysis of the fee request in her role "resembling that of a trustee" for Plaintiff.[1]

Plaintiff did not file a response to the Motion, despite being afforded the opportunity to do so.

## DISCUSSION

The Motion is brought pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court resolved a division among the Circuits on the appropriate method of calculating fees under Section 406(b). Rejecting the "lodestar method" that several of the Circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for

---

[1] The Supreme Court so characterized the Commissioner's role in *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For this proposition, the Supreme Court cited as an example *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983), where the Sixth Circuit had observed: "In view of the humanitarian policy of the Social Security program to benefit the disabled, we agree that the Secretary 'retains an interest in the fair distribution of monies withheld for attorney's fees.'" In the Court's view, the Acting Commissioner does not properly fulfill her role by merely regurgitating what plaintiff's counsel is seeking.

2

> successfully representing Social Security benefits claimants
> in court. Rather, [Section] 406(b) calls for court review of
> such arrangements as an independent check, to assure that
> they yield reasonable results in particular cases. Congress
> has provided one boundary line: Agreements are
> unenforceable to the extent that they provide for fees
> exceeding 25 percent of the past-due benefits. . . . Within
> the 25 percent boundary, . . . the attorney for the successful
> claimant must show that the fee sought is reasonable for the
> services rendered.

*Gisbrecht*, 535 U.S. at 807.

Noting the claimants' concession, the Supreme Court clarified that Section 406(b) creates no presumption in favor of the negotiated fee:

> [A]lthough section 406(b) permits an attorney to base a fee
> application on a contingent fee agreement with the claimant,
> the statute does not create any presumption in favor of the
> agreed upon amount. To the contrary, because section
> 406(b) requires an affirmative judicial finding that the fee
> allowed is "reasonable," the attorney bears the burden of
> persuasion that the statutory requirement has been satisfied.

*Id.* at 807 n.17 (quoting Brief for Petitioners at 40).

The Supreme Court then provided three examples of when a reduction from the fee yielded by the contingent fee agreement might be warranted: (1) when the representation was substandard; (2) when delay attributable to the plaintiff's counsel resulted in the accumulation of benefits during the pendency of the case in court; and (3) when the benefits were so large in comparison to the amount of time counsel spent on the case that a "windfall" to counsel would result. *See id.* at 808.

The seminal Ninth Circuit case dealing with post-*Gisbrecht* Section 406(b) fee applications is *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (*en banc*). *Crawford* involved a consolidation of three appeals from Central District of California decisions (hereinafter "*Trejo/Haley*," "*Crawford/Shapiro*," and "*Washington/Cho*"). In *Trejo/Haley*, the plaintiff's counsel had expended 26.9 hours of her own time and 2.6 hours of paralegal time on the case, and requested a fee of $24,000, which represented 13.94% of the past-due benefits awarded.[2] *See Crawford*, 586 F.3d at 1145. In *Crawford/Shapiro*, the plaintiff's counsel had expended 19.5 hours of his own time and 4.5 hours of paralegal time on the case, and requested a fee of $21,000, which represented 16.95% of the past-due benefits awarded.[3] *See id.* In *Washington/Cho*, the plaintiff's counsel had expended 17.45 hours of his own time and 4.7 hours of paralegal time on the case, and requested a fee of $11,500.00, which represented 15.12% of the past-due benefits awarded.[4] *See id.* at 1146. In each instance, after calculating the enhancement that the requested fee represented when compared to the "lodestar" fee yielded by multiplying the time expended by the attorney's reasonable hourly rates, the respective district courts concluded that awarding the requested fee would amount

---

[2] According to the fee application, the effective hourly rates sought in *Trejo/Haley* were $855.50 for attorney time and $379.61 for paralegal time. (*See* Motion for Attorney Fees at 7, *Trejo v. Barnhart*, No. 2:98-cv-05662-RNB (C.D. Cal. July 6, 2006), ECF No. 17.)

[3] Although the plaintiff's counsel in *Crawford/Shapiro* did not specify the effective hourly rates sought in his fee application, the Commissioner construed the fee application as seeking hourly rates of $968.16 for attorney time and $464.73 for paralegal time. (*See* Defendant's Response to Counsel's Motion for Attorney Fees at 4, *Crawford v. Barnhart*, No. 2:00-cv-11884-AN (C.D. Cal. Feb. 21, 2006), ECF No. 24.) Plaintiff's counsel did not dispute the Commissioner's calculation of the effective hourly rates sought. (*See generally* Reply in Support of Motion for Attorney Fees, *Crawford v. Barnhart*, No. 2:00-cv-11884-AN (C.D. Cal. Feb. 21, 2006), ECF No. 25.)

[4] According to the fee application, the hourly rates sought in *Washington/Cho* were $583.58 for attorney time and $280.11 for paralegal time. (*See* Motion for Attorney Fees at 7, *Washington v. Barnhart*, No. 2:03-cv-06884-AN (C.D. Cal. Apr. 6, 2006), ECF No. 16.)

to a "windfall" for the plaintiff's counsel and awarded a lesser enhancement. The Ninth Circuit held that this methodology employed by the district courts did not comport with the mandate of *Gisbrecht* "to respect the primacy of lawful attorney-client fee agreements." *See id.* at 1150.

After concluding that the districts courts had erred in their methodology, the Ninth Circuit did not remand for reconsideration of whether the plaintiff's counsel in each case had met their burden under *Gisbrecht* of showing that the fee sought was reasonable for the services rendered. Instead, the Ninth Circuit held that the attorneys "had met their burden to demonstrate that the fees they requested were reasonable." *See Crawford*, 586 F.3d at 1151. The Ninth Circuit based this holding on three considerations:

> First, no reduction in fees due to substandard performance was warranted. Nothing in the district courts' opinions suggests that counsels' performance was anything other than excellent. In each case, the attorneys demonstrated (and the district courts found) that there was no evidence of fraud or overreaching in the making of the 25% contingent-fee agreements and that they provided high-quality representation which resulted in their clients receiving substantial past-due benefits. Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved. In each case, counsel voluntarily evaluated the fees in comparison to the amount of time spent on the case. In each case, counsel

5

> voluntarily reduced those fees substantially from the allowable 25%. The attorneys will receive no percentage of the substantial future benefits paid to the claimants following their successful representation. The attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.

*Id.* at 1151-52.

Thus, *Crawford* can be construed as eliminating any discretion on the part of a district court to reduce a Section 406(b) request where the following considerations apply: (1) no reduction in fees due to substandard performance is warranted and there is no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement; (2) no reduction in fees for dilatory conduct is warranted because the attorney did not cause excessive delay resulting in the accumulation of benefits during the pendency of the case in court; and (3) no reduction in fees to avoid a windfall is warranted because the requested fees are "significantly lower than the fees bargained for in the contingent-fee agreement" and "not excessively large in relation to the benefits achieved."[5]

Here, the requested fees satisfy the *Gisbrecht* standard as construed by the Ninth Circuit in *Crawford* for the following reasons:

---

[5] The other bases for the Ninth Circuit's finding regarding the third consideration (e.g., the fact that "attorneys will receive no percentage of the substantial future benefits paid to the claimants following successful representation," and the risk in accepting the cases that "there would a long court or administrative delay in resolving the cases") would apply in every social security case. Accordingly, these other bases in themselves cannot be sufficient to satisfy counsel's burden under *Gisbrecht* of demonstrating that the fee being sought in his/her particular case is reasonable.

- <u>The contingent fee agreement does not overreach</u>: Under the terms of the contingent fee agreement between Plaintiff and his counsel, Plaintiff agreed that the fee agreement allowed his attorney to:

> apply for a full 25% of [her] back award for attorney fees pursuant to 42 U.S.C. § 406(b) [for representing [her] in federal district court], and that this amount is in addition to any fees he receives pursuant to 42 U.S.C. § 406(a) [fee for representing me before the Social Security Administration].

(Motion, Exh. 4.)

Nothing in the record suggests there was any fraud or overreaching by Plaintiff's counsel in the making of this contingent fee agreement with Plaintiff. Moreover, the effective hourly rate Plaintiff's counsel's seeks – $664.00[6] – does not exceed the highest of the effective hourly rates that the *Crawford* court implicitly held were reasonable and "not excessively large in relation to the benefits achieved" (*i.e.*, $968.16 in *Crawford/Shapiro*). Finally, the Court notes that, although 25% of Plaintiff's total past due benefits ($73,961.00) is $18,490.25, the gross award Plaintiff's counsel seeks – $12,490.25 – falls well below the *Gisbrecht/Crawford* boundary.

- <u>The representation was not substandard</u>: This is not an instance of substandard representation. Indeed, the high quality of the representation provided by Plaintiff's counsel is evidenced by the fact that, following an adverse ALJ decision and a denial of review by the Appeals Council, Plaintiff's counsel succeeded in convincing the Court in this action that a remand for further administrative proceedings was warranted so that the ALJ could properly consider the treating physician's opinion, which was presented for the first time to the Appeals Council. (*See* ECF No. 16.) As a result, the ALJ issued a Fully Favorable

---

[6] Calculated by dividing the requested fee ($12,490.25) by the total hours worked on the case (18.82, based on 9.65 attorney hours and 9.17 paralegal hours).

7

decision and Plaintiff ultimately received a past-due benefits award of $73,961.00. (*See* Motion, Exhs. 7, 9.)

- <u>There is no evidence of unnecessary delay</u>: The Court further finds that this is not an instance where, due to excessive delay attributable to Plaintiff's counsel, the past-due benefits accumulated during the pendency in court of this action. To the contrary, the Court's review of the docket in this case (Case No. 8:13-cv-01847) reveals that Plaintiff's counsel moved the case along as ordered by the Magistrate Judge then assigned, expeditiously meeting all deadlines, requesting no extensions along the way, and ultimately obtaining a Decision and Order in approximately 15 months.

- <u>The requested fees do not represent a windfall to Plaintiff's counsel</u>: This is not the "windfall" situation contemplated in *Gisbrecht* that could justify a reduction from the fee agreement. To the contrary, the requested fees ($12,490.25) are significantly lower (almost 32% lower) than the fees bargained for in the contingent fee agreement ($18,490.25). In addition, the requested fees are not excessively large in relation to the benefits achieved. Indeed, the 16.88% fees-to-benefits ratio falls well within the ratios that the *Crawford* court approved: 13.94% in *Trejo/Haley*, 16.95% in *Crawford/Shapiro*, and 15.12% in *Washington/Cho*.

On this basis, the Court has concluded that *Crawford* compels it to find that Plaintiff's counsel has met his burden to demonstrate that the fee requested is reasonable.

///
///
///
///
///
///
///

Accordingly, the motion of Plaintiff's counsel for attorney fees pursuant to Section 406(b) in the gross amount of $$12,490.25 is **GRANTED**. This amount is subject to an offset for the $2,150.00 in fees previously paid pursuant to EAJA.

IT IS SO ORDERED.

DATED: August 7, 2018

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

9